1  Marshall A. Lerner (State Bar No. 55224)
2  mlerner@kleinberglerner.com
   Bradford E. Mattes (State Bar No. 159004)
3  bemattes@kleinberglerner.com
4  KLEINBERG & LERNER, LLP
   1875 Century Park East, Suite 1150
5  Los Angeles, California 90067-2501
6  Telephone: (310) 557-1511
   Facsimile: (310) 557-1540
7
8  Attorney for Plaintiffs Skechers U.S.A., Inc.
   and Skechers U.S.A., Inc. II
9

10              **UNITED STATES DISTRICT COURT**
                **CENTRAL DISTRICT OF CALIFORNIA**
11

12  SKECHERS U.S.A., INC. and          )   Case No.:
13  SKECHERS U.S.A., INC, II,          )
                                       )   **COMPLAINT FOR PATENT**
14          Plaintiffs,                )   **INFRINGEMENT**
15                                     )
                                       )
16      v.                             )
                                       )
17                                     )
    AMERICAN EXCHANGE APPAREL          )
18  GROUP, CORP. dba  AMERICAN         )
    EXCHANGE GROUP, and Does 1-10      )
19  inclusive,                         )
                                       )
20                                     )
21          Defendants.                )   **DEMAND FOR JURY TRIAL**
22
23
24
25
26
27
28

Plaintiffs Skechers U.S.A., Inc. and Skechers U.S.A., Inc. II (collectively "Skechers") bring this action against defendant American Exchange Apparel Group, Corp. dba American Exchange Group ("AEG") to address AEG's willful infringement of certain Skechers patents, and allege as follows:

## NATURE OF THE ACTION

1.      Since it began as a start-up shoe company with a single line of footwear in 1992, Skechers has worked tirelessly to now be the third largest footwear company in the world.  That explosive growth is based on the quality, comfort, and visual appeal of its shoes.  As a lifestyle and performance footwear company, Skechers is continuously developing new shoe designs and advancing the state of the art so that the visual appearance of its shoes has the broadest consumer appeal.  To protect these designs, Skechers has sought and been awarded hundreds of patents from the United States Patent and Trademark Office.  These patents, along with Skechers' trademarks, are the legal lifeblood of the company.  Over decades, Skechers has invested and spent hundreds of millions of dollars researching, creating, and promoting its new shoe designs.  Skechers has now designed more than 3,000 shoe styles and sells its shoes in more than 170 countries and in its more than 5000 retail stores and on its website and numerous third-party websites.

2.      Skechers' footwear styles are, and have been, promoted by celebrities including Martha Stewart, Snoop Dogg, Doja Cat, Willie Nelson, Sugar Ray Leonard, Ringo Starr, Britney Spears, Carrie Underwood, Meghan Trainor, Tony Romo, Brooke Burke, Kim Kardashian, Howie Long, and Robert Downey Jr.  Between the quality and visual appeal of its shoes and these celebrity endorsements, numerous Skechers shoe styles have become wildly successful, popular, and highly acclaimed.

3.      Skechers' shoe styles that embody its patented designs that are the subject of this complaint (a.k.a. "Scalloped Opening") have sold millions of pairs.  These designs all highlight the opening of the shoe.  These designs are unique and eye-catching

COMPLAINT FOR PATENT INFRINGEMENT

because they define the boundary between the shoe and the person wearing the shoe by giving it a distinctive visual appearance that is highly appealing.

4.      Based on these novel and unique designs and the proven popularity of the shoes that embody these designs, defendant AEG began making and selling a shoe that has the same scalloped opening as the patented Skechers Scalloped Opening designs. Only after Skechers incurred the substantial risk and monumental expense of developing and promoting its shoes with this opening, and established that it had broad appeal, did AEG enter the market with its infringing shoe.  A sample image from each of the nine patents that AEG is infringing is shown below.



Patent No .: US D879,448 S, Ex. 1

Patent No .: US D879,446 S, Ex. 2





Patent No .: US D876,789 S, Ex. 3

Patent No .: US D876,788 S, Ex. 4



Patent No .: US D876,790 S, Ex. 5



Patent No .: US D879,447 S, Ex. 6



Patent No .: US D879,445 S, Ex. 7



Patent No .: US D880,134 S, Ex. 8



Patent No .: US D879,449 S, Ex. 9

An image of one of AEG's infringing shoes is shown below in side-by-side comparison with a Skechers shoe that embodies the above identified patents.

| | |
|---|---|
|  |  |
| AEG infringing shoe | Skechers shoe |

As can be seen in the above images, AEG's shoe embodies each one of the nine Skechers Scalloped Opening designs.  This degree of detailed copying confirms that AEG intentionally and willfully copied each one of Skechers' patented designs shown above.  This intentional copying is further shown when the AEG shoe is compared to an actual Skechers Scalloped Opening shoe, an example of which is shown in the comparison image above.  Skechers previously notified AEG of its infringement and, in response, AEG continued to sell off infringing shoes from its inventory.

5.      By this action, Skechers seeks to stop AEG's patent infringement and obtain compensation for that infringement.

<strong>PARTIES</strong>

6.      Plaintiff Skechers U.S.A., Inc. is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business located at 228 Manhattan Beach Blvd., Manhattan Beach, California 90266.

7.      Plaintiff Skechers U.S.A., Inc. II is a corporation duly organized and existing under the laws of the State of Virginia with its principal place of business located at 228 Manhattan Beach Blvd., Manhattan Beach, California 90266.  Skechers U.S.A., Inc. II is a wholly-owned subsidiary of Skechers U.S.A., Inc.

8.      On information and belief, defendant American Exchange Apparel Group, Corp. is a corporation duly organized and existing under the laws of the State of New York with its principal place of business located at 1400 Broadway, 18th Floor, New York, NY 10018.

9.      Does 1 – 10 are unknown to Skechers and sued herein under fictitious names.  They consist of those who have imported, advertised, offered for sale, sold, distributed or otherwise commercially used the accused products described below.  When their true names and capacities are ascertained, Skechers will amend this second amended complaint by inserting their true names and capacities.

## JURISDICTION AND VENUE

10.     Jurisdiction in this Court arises under the provisions of 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (any Act of Congress relating to patents or trademarks), and 35 U.S.C. §§ 271 and 289.

11.     This Court has personal jurisdiction over AEG because it has committed and continues to commit acts of infringement in violation of 35 U.S.C. § 271 and place infringing products into the stream of commerce, with the knowledge or understanding that such products are sold in the State of California, including in this District. These acts by AEG cause injury to Skechers within this District.  Upon information and belief, AEG derives revenue from the sale of infringing products within this District, expects its actions to have consequences within this District, and derives revenue from interstate and international commerce.

12.     Venue in this Court is proper under the provisions of 28 U.S.C. §§ 1391(b) and (c) and 1400(b) because AEG transacts business within this District and offers for sale in this District products that infringe the Skechers Scalloped Opening patents and, based on information and belief, AEG has a regular and established places of business in this District located at 7350 San Gorgonio Drive, Riverside, CA 92508.

## SKECHERS' PATENT RIGHTS

13.     Skechers dedicated teams of people to develop and design its Scalloped Opening shoes.  The patented design had broad appeal and was instantly successful.

14.     Skechers owns all rights, title, and interest in and to each of those design patents.  Those design patents are identified below and attached as Exhibits 1-9.

| Ex. No. | Patent Number | Title |
|---|---|---|
| 1 | US D879,448 S (the " '448 Patent") | Shoe Upper |
| 2 | US D879,446 S (the " '446 Patent") | Shoe Upper |
| 3 | US D876,789 S (the " '789 Patent") | Shoe Upper |
| 4 | US D876,788 S (the " '788 Patent") | Shoe Upper |
| 5 | US D876,790 S (the " '790 Patent") | Shoe Upper |
| 6 | US D879,447 S (the " '447 Patent") | Shoe Upper |
| 7 | US D879,445 S (the " '445 Patent") | Shoe Upper |
| 8 | US D880,134 S (the " '134 Patent") | Shoe Upper |
| 9 | US D879,449 S (the " '449 Patent") | Shoe Upper |

## AEG'S INFRINGING PRODUCTS

15.     Rather than innovate and develop its own designs and a unique style for its footwear products, AEG chose to copy Skechers' innovative design elements.

16.     AEG had many options in developing its footwear products.  Instead, AEG chose to infringe Skechers' design patents by copying Skechers' Scalloped Opening shoe style.

17.     AEG is infringing Skechers' '448 Patent, '446 Patent, '789 Patent, '788 Patent, '790 Patent, '447 Patent, '445 Patent, '134 Patent, and '449 Patent by making and selling shoes such as the AEG shoe shown above.

## FIRST CLAIM FOR RELIEF
### [Infringement of the '448 Patent]

18.     Skechers realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs, images and figures as though each such paragraph, image, and figure has been fully set forth hereat.

19.     AEG has infringed and continues to infringe the '448 Patent by making, using, selling, and/or offering for sale in the U.S., and/or importing into the U.S. the AEG shoe.  The AEG shoe embodies the design claimed in the '448 Patent.

20.     Skechers is informed and believes, and on that basis alleges, that AEG's infringement of the '448 Patent has been and continues to be intentional, willful, and without regard to Skechers' rights.

21.     Skechers is informed and believes, and on that basis alleges, that AEG has gained profits by virtue of its infringement of the '448 Patent.

22.     Skechers will suffer and is suffering irreparable harm from AEG's infringement of the '448 Patent.  Skechers has no adequate remedy at law and is entitled to an injunction against AEG's continuing infringement of the '448 Patent.  Unless enjoined, AEG will continue its infringing conduct.

**SECOND CLAIM FOR RELIEF**

**[Infringement of the '446 Patent]**

23.     Skechers realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs, images and figures as though each such paragraph, image, and figure has been fully set forth hereat.

24.     AEG has infringed and continues to infringe the '446 Patent by making, using, selling, and/or offering for sale in the U.S., and/or importing into the U.S. the AEG shoe.  The AEG shoe embodies the design claimed in the '446 Patent.

25.     Skechers is informed and believes, and on that basis alleges, that AEG's infringement of the '448 Patent has been and continues to be intentional, willful, and without regard to Skechers' rights.

26.     Skechers is informed and believes, and on that basis alleges, that AEG has gained profits by virtue of its infringement of the '446 Patent.

27.     Skechers will suffer and is suffering irreparable harm from AEG's infringement of the '446 Patent.  Skechers has no adequate remedy at law and is entitled

to an injunction against AEG's continuing infringement of the '446 Patent. Unless enjoined, AEG will continue its infringing conduct.

## THIRD CLAIM FOR RELIEF
### [Infringement of the '789 Patent]

28.    Skechers realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs, images and figures as though each such paragraph, image, and figure has been fully set forth hereat.

29.    AEG has infringed and continues to infringe the '789 Patent by making, using, selling, and/or offering for sale in the U.S., and/or importing into the U.S. the AEG shoe. The AEG shoe embodies the design claimed in the '789 Patent.

30.    Skechers is informed and believes, and on that basis alleges, that AEG's infringement of the '789 Patent has been and continues to be intentional, willful, and without regard to Skechers' rights.

31.    Skechers is informed and believes, and on that basis alleges, that AEG has gained profits by virtue of its infringement of the '789 Patent.

32.    Skechers will suffer and is suffering irreparable harm from AEG's infringement of the '789 Patent. Skechers has no adequate remedy at law and is entitled to an injunction against AEG's continuing infringement of the '789 Patent. Unless enjoined, AEG will continue its infringing conduct.

## FOURTH CLAIM FOR RELIEF
### [Infringement of the '788 Patent]

33.    Skechers realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs, images and figures as though each such paragraph, image, and figure has been fully set forth hereat.

34.    AEG has infringed and continues to infringe the '788 Patent by making, using, selling, and/or offering for sale in the U.S., and/or importing into the U.S. the AEG shoe. The AEG shoe embodies the design claimed in the '788 Patent.

35.     Skechers is informed and believes, and on that basis alleges, that AEG's infringement of the '789 Patent has been and continues to be intentional, willful, and without regard to Skechers' rights.

36.     Skechers is informed and believes, and on that basis alleges, that AEG has gained profits by virtue of its infringement of the '788 Patent.

37.     Skechers will suffer and is suffering irreparable harm from AEG's infringement of the '788 Patent.  Skechers has no adequate remedy at law and is entitled to an injunction against AEG's continuing infringement of the '788 Patent.  Unless enjoined, AEG will continue its infringing conduct.

## FIFTH CLAIM FOR RELIEF

### [Infringement of the '790 Patent]

38.     Skechers realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs, images and figures as though each such paragraph, image, and figure has been fully set forth hereat.

39.     AEG has infringed and continues to infringe the '790 Patent by making, using, selling, and/or offering for sale in the U.S., and/or importing into the U.S. the AEG shoe.  The AEG shoe embodies the design claimed in the '790 Patent.

40.     Skechers is informed and believes, and on that basis alleges, that AEG's infringement of the '790 Patent has been and continues to be intentional, willful, and without regard to Skechers' rights.

41.     Skechers is informed and believes, and on that basis alleges, that AEG has gained profits by virtue of its infringement of the '790 Patent.

42.     Skechers will suffer and is suffering irreparable harm from AEG's infringement of the '790 Patent.  Skechers has no adequate remedy at law and is entitled to an injunction against AEG's continuing infringement of the '790 Patent.  Unless enjoined, AEG will continue its infringing conduct.

## SIXTH CLAIM FOR RELIEF
### [Infringement of the '447 Patent]

43.      Skechers realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs, images and figures as though each such paragraph, image, and figure has been fully set forth hereat.

44.      AEG has infringed and continues to infringe the '447 Patent by making, using, selling, and/or offering for sale in the U.S., and/or importing into the U.S. the AEG shoe.  The AEG shoe embodies the design claimed in the '447 Patent.

45.      Skechers is informed and believes, and on that basis alleges, that AEG's infringement of the '447 Patent has been and continues to be intentional, willful, and without regard to Skechers' rights.

46.      Skechers is informed and believes, and on that basis alleges, that AEG has gained profits by virtue of its infringement of the '447 Patent.

47.      Skechers will suffer and is suffering irreparable harm from AEG's infringement of the '447 Patent.  Skechers has no adequate remedy at law and is entitled to an injunction against AEG's continuing infringement of the '447 Patent.  Unless enjoined, AEG will continue its infringing conduct.

## SEVENTH CLAIM FOR RELIEF
### [Infringement of the '445 Patent]

48.      Skechers realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs, images and figures as though each such paragraph, image, and figure has been fully set forth hereat.

49.      AEG has infringed and continues to infringe the '445 Patent by making, using, selling, and/or offering for sale in the U.S., and/or importing into the U.S. the AEG shoe.  The AEG shoe embodies the design claimed in the '445 Patent.

50.      Skechers is informed and believes, and on that basis alleges, that AEG's infringement of the '445 Patent has been and continues to be intentional, willful, and without regard to Skechers' rights.

COMPLAINT FOR PATENT INFRINGEMENT

51.     Skechers is informed and believes, and on that basis alleges, that AEG has gained profits by virtue of its infringement of the '445 Patent.

52.     Skechers will suffer and is suffering irreparable harm from AEG's infringement of the '445 Patent.  Skechers has no adequate remedy at law and is entitled to an injunction against AEG's continuing infringement of the '445 Patent.  Unless enjoined, AEG will continue its infringing conduct.

**EIGHTH CLAIM FOR RELIEF**

**[Infringement of the '134 Patent]**

53.     Skechers realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs, images and figures as though each such paragraph, image, and figure has been fully set forth hereat.

54.     AEG has infringed and continues to infringe the '134 Patent by making, using, selling, and/or offering for sale in the U.S., and/or importing into the U.S. the AEG shoe.  The AEG shoe embodies the design claimed in the '134 Patent.

55.     Skechers is informed and believes, and on that basis alleges, that AEG's infringement of the '134 Patent has been and continues to be intentional, willful, and without regard to Skechers' rights.

56.     Skechers is informed and believes, and on that basis alleges, that AEG has gained profits by virtue of its infringement of the '134 Patent.

57.     Skechers will suffer and is suffering irreparable harm from AEG's infringement of the '134 Patent.  Skechers has no adequate remedy at law and is entitled to an injunction against AEG's continuing infringement of the '134 Patent.  Unless enjoined, AEG will continue its infringing conduct.

**NINTH CLAIM FOR RELIEF**

**[Infringement of the '449 Patent]**

58.     Skechers realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs, images and figures as though each such paragraph, image, and figure has been fully set forth hereat.

59.     AEG has infringed and continues to infringe the '449 Patent by making, using, selling, and/or offering for sale in the U.S., and/or importing into the U.S. the AEG shoe.  The AEG shoe embodies the design claimed in the '449 Patent.

60.     Skechers is informed and believes, and on that basis alleges, that AEG's infringement of the '449 Patent has been and continues to be intentional, willful, and without regard to Skechers' rights.

61.     Skechers is informed and believes, and on that basis alleges, that AEG has gained profits by virtue of its infringement of the '449 Patent.

62.     Skechers will suffer and is suffering irreparable harm from AEG's infringement of the '449 Patent.  Skechers has no adequate remedy at law and is entitled to an injunction against AEG's continuing infringement of the '449 Patent.  Unless enjoined, AEG will continue its infringing conduct.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs Skechers U.S.A., Inc. and Skechers U.S.A., Inc. II respectfully request relief against AEG as follows:

1.     A judgment declaring that AEG has infringed one or more claims of each of Skechers' asserted design patents;

2.     An order and judgment preliminarily and permanently enjoining AEG and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with it, and its subsidiaries, divisions, successors and assigns, from further acts of infringement of Skechers' asserted design patents;

3.     A judgment awarding Skechers all damages adequate to compensate for AEG's infringement of Skechers' asserted design patents, and in no event less than a reasonable royalty for AEG's acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

4.     A judgment awarding Skechers all damages, including treble damages, based on any infringement found to be willful, pursuant to 35 U.S.C. § 284, together

with prejudgment interest;

    5.    A judgment awarding Skechers all of AEG's profits and all remedies, pursuant to 35 U.S.C. § 289 together with prejudgment interest;

    6.    Costs of suit and reasonable attorneys' fees; and

    7.    Any other remedy to which Skechers may be entitled, including under any other law that this Court may deem just and proper.

KLEINBERG & LERNER, LLP

April 16, 2024        By: /s/Marshall A. Lerner
                        Marshall A. Lerner
                        Bradford E. Mattes
                        Attorneys for Plaintiffs Skechers U.S.A., Inc.
                        and Skechers U.S.A., Inc. II

COMPLAINT FOR PATENT INFRINGEMENT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule 38-1, plaintiffs Skechers U.S.A., Inc. and Skechers U.S.A., Inc. II demand a trial by jury of any and all issues triable of right by a jury pursuant to the Seventh Amendment to the United States Constitution or as given by a statute of the United States.

KLEINBERG & LERNER, LLP

April 16, 2024                 By:   /s/Marshall A. Lerner
                                     Marshall A. Lerner
                                     Bradford E. Mattes
                                     Attorneys for Plaintiffs Skechers U.S.A., Inc.
                                     and Skechers U.S.A., Inc. II

COMPLAINT FOR PATENT INFRINGEMENT